Tolling of Claims Challenging Boise Municipal Code § 9-10-02

Idaho Legal Aid Services, Inc. represents current and former homeless Boise residents who have been cited, arrested, and/or convicted for allegedly violating Boise Municipal Code § 9-10-02. These homeless residents (hereinafter "Plaintiffs") plan to bring an action in the United States District Court for the District of Idaho against the City of Boise, the Boise Police Department, and Boise Chief of Police Michael Masterson (collectively, "the City") challenging § 9-10-02, the City's enforcement of this ordinance, and any citations, arrests, and convictions sustained by Plaintiffs under this ordinance ("Plaintiffs" and "the City" are collectively "the parties"). Plaintiffs have delivered a demand letter to the City outlining the factual and legal basis of their claims. The Plaintiffs requested the City toll of the statutes of limitations to allow time prior to filing of the complaint to conduct good faith negotiations. The City would like more time to review the legal issues and facts stated in the letter. Counsels for both parties have indicated their willingness to work with each other to reach an amicable resolution to this matter. The City has agreed to toll the statute of limitations with respect to Plaintiffs' claims in order to give the parties an opportunity to conduct good faith negotiations.

## AGREEMENT

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs and the City agree as follows:

I.     The parties mutually agree that, as of April 28, 2009, the running of any statutes of limitation or any other time-related requirements that may govern, apply, or limit any claims or causes of action that Plaintiffs may have against the City relating solely to Boise Municipal Code § 9-10-02, including but not limited to, Plaintiffs' citations, arrests and/or convictions under § 9-10-02 and the City's policy or practice of enforcing § 9-10-02 against homeless individuals, shall be tolled and suspended.

II.    The tolling period shall consist of a period of thirty (30) days for the parties to conduct negotiations, subject to renewal by written agreement of the parties, after the expiration of the negotiation period.

III.   Nothing in this agreement shall be constructed as an admission of liability or wrongdoing. The City reserves the right to assert any and all other defenses that it otherwise may have against any action that may, will, or could be brought by Plaintiffs.

IV.    Should this case proceed to litigation, this document and the conduct and statements made in the settlement negotiations will not be admissible in accordance with Rule 408 of the Federal Rules of Evidence.

V.     Each person signing this Agreement for the parties represents and warrants that such person has the requisite and actual authority to bind the party for whom such signatory signs, and is authorized to sign this Agreement on behalf of such party.

**EXHIBIT #30**

VI.     This Agreement may be signed in one or more counterparts, each of which shall
        be deemed an original, but all of which together shall constitute one and the same
        Agreement.  This Agreement is effective upon execution thereof by
        representatives of the Plaintiffs and the City, and without the requirement of filing
        with the Court.

Dated:  April 28, 2009                          By:

Howard A. Belodoff                              Valencia Bilyeu
IDAHO LEGAL AID SERVICES, INC.                  ASSISTANT CITY ATTORNEY
310 N. 5th Street                               150 N. Capital Boulevard
P.O. Box 913                                    P.O. Box 500
Boise, ID 83701                                 Boise, ID 83701-0500
Telephone: (208) 336-8980 ext. 106              Telephone:  (208) 384-3870
Facsimile: (208) 342-2561                       Facsimile:  (208) 384-4454

*Counsel for Plaintiffs*                        *Counsel for Defendants*

cc:     Marguerite M. Sullivan, Latham & Watkins LLP
        Tulin Ozdeger, Civil Rights Program Director, National Law Center on Homelessness
        and Poverty

**EXHIBIT #30**

to the court documents that are contained in publicly available Court records or in the records of the Boise City Attorney's Office.

    a.    Citations and court records of Plaintiffs and other persons who have been cited by police officers of the City of Boise for camping and disorderly conduct under City Ordinances.

    b.    City of Boise Police Department Annual Reports.

    c.    City of Boise Community Ombudsman Reports

    d.    City of Boise Planning and Development Services Department, Housing and Community Development Division, Annual Action Plans, Consolidated Annual Performance and Evaluation Reports, Ten Year Plan to Reduce and Prevent Chronic Homelessness.

    e.    Homeless Coalition monthly meeting minutes.

## IV.  COMPUTATION OF DAMAGES (FED. R. CIV. P. 26(a)(1)(C))

Actual damages are claimed to be the amount of court costs, court fines and jail fees imposed upon the Plaintiffs as the result of being issued a citation and/or arrested for camping and disorderly conduct under the City of Boise's Ordinances due to their alleged sleeping when no shelter beds were available.  Plaintiffs reserve the right to supplement this response because the total amount of actual damages is not available at this time but will be supplemented after Plaintiffs conduct their discovery.  Non-economic damages for the unlawful arrest and detention of the Plaintiffs will be determined at trial. Plaintiffs counsel, Idaho Legal Aid Services, Inc., Latham & Watkins LLP, and The National Law Center on Homelessness & Poverty will seek an award of all attorney fees and costs incurred by their attorneys in this matter.  Plaintiffs reserve the right to supplement their damages calculation, if necessary, after completion of their discovery.

**EXHIBIT #31**

INTERROGATORY NO. 1: State your full name, any nicknames or aliases used, your social security number, your date of birth, your place of birth, your current address, and your current telephone number.

ANSWER:   Plaintiff incorporates General Objection Nos. 1 and 3 in response to Interrogatory No. 1.  Subject to and without waiving the forgoing general and specific objections, Plaintiff's full name is Robert Alan Anderson; his nickname is "Stretch"; his current address is Interfaith Sanctuary, 1620 W. River Street, Boise, Idaho 83702.

INTERROGATORY NO. 2: Identify by name, address and telephone number any and all persons known to you or to anyone acting on your behalf who have knowledge or purport to have knowledge of any of the events or happenings related to the subject lawsuit and the damages, if any, resulting there from; and, for each, state the relevant facts which you understand to be within the knowledge of such person.

ANSWER:   Plaintiff incorporates Initial Disclosures by Plaintiffs in response to Interrogatory No. 2.  In addition, the following individuals may have knowledge of the events or happenings related to the subject lawsuit:  John Miller who resides at the Interfaith Sanctuary, and the Boise Police Department.

INTERROGATORY NO. 3: Fully identify all witnesses, including expert witnesses, who may be called to testify on your behalf in this action and indicate the subject matter on which each is expected to testify and the substance of his expected testimony; and state for each whether any of said witnesses are related to you (stating the relationship), have testified for you or your attorney in any other matters, have been or will be paid any fee other than ordinary witness fees as fixed by law, are regularly in your employ, or have a

## VERIFICATION

State of Idaho            )
                          )   ss:
County of Ada             )

Robert Anderson, being first duly sworn, deposes and states:

I have read the foregoing interrogatories and answers and know the contents thereof of

my own personal knowledge, and believe the facts therein stated to be true.

DATED this _30th_ day of _April_, 2010.


_Robert Anderson_ (signature)
Robert Anderson

Subscribed and sworn to before me this _30_ day of _April_, 2010.



_Bevly R. A_ (signature)
Notary Public for State of Idaho
Residing at Boise
My Commission Expires _6/5/12_

**EXHIBIT #32**

PLAINTIFF ROBERT ANDERSON'S ANSWERS TO DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION – Page 17

ANSWER:   Plaintiff incorporates General Objection Nos. 1 and 3 in response to Interrogatory No. 1.  Subject to and without waiving the forgoing general and specific objections, Plaintiff's full name is James Murdoch Godfrey and his current address is Interfaith Sanctuary, 1620 W. River Street, Boise, Idaho 83702.

INTERROGATORY NO. 2: Identify by name, address and telephone number any and all persons known to you or to anyone acting on your behalf who have knowledge or purport to have knowledge of any of the events or happenings related to the subject lawsuit and the damages, if any, resulting there from; and, for each, state the relevant facts which you understand to be within the knowledge of such person.

ANSWER:   Plaintiff incorporates Initial Disclosures by Plaintiffs in response to Interrogatory No. 2.

INTERROGATORY NO. 3: Fully identify all witnesses, including expert witnesses, who may be called to testify on your behalf in this action and indicate the subject matter on which each is expected to testify and the substance of his expected testimony; and state for each whether any of said witnesses are related to you (stating the relationship), have testified for you or your attorney in any other matters, have been or will be paid any fee other than ordinary witness fees as fixed by law, are regularly in your employ, or have a monetary interest, direct or indirect, in the outcome of this litigation, other than fees and salary, stating said interest, if any.

ANSWER:  Plaintiff objects to Interrogatory No. 3 as premature.  Subject to and without waiving the forgoing objection, Plaintiff incorporates the expert reports of Dr. William Rainford and Dr. David Kent served on Defendants on May 28, 2010 and August 13, 2010.  Plaintiffs will supplement in accordance with the Case Management Order.

## VERIFICATION

State of Idaho            )
                          )    ss:
County of Ada             )

James Godfrey, being first duly sworn, deposes and states:

I have read the foregoing interrogatories and answers and know the contents thereof of

my own personal knowledge, and believe the facts therein stated to be true.


_Jim Godfrey_
James Godfrey

Subscribed and sworn to before me this 15th day of August , 2010.



_Fawn L. Pettet_
Notary Public for State of Idaho
My Commission Expires 9-2-2015

**EXHIBIT #33**

ANSWER:   Plaintiff incorporates General Objection Nos. 1 and 3 in response to Interrogatory No. 1.   Subject to and without waiving the forgoing general and specific objections, Plaintiff's full name is Basil Eugene Humphrey, his nickname is "Buddy," and his current address is Interfaith Sanctuary, 1620 W. River Street, Boise, Idaho 83702.

INTERROGATORY NO. 2: Identify by name, address and telephone number any and all persons known to you or to anyone acting on your behalf who have knowledge or purport to have knowledge of any of the events or happenings related to the subject lawsuit and the damages, if any, resulting there from; and, for each, state the relevant facts which you understand to be within the knowledge of such person.

ANSWER:   Plaintiff incorporates Initial Disclosures by Plaintiffs in response to Interrogatory No. 2.   In addition, a friend of Plaintiff, who went by the nickname "Mingo," has knowledge of the circumstances surrounding Plaintiff's September 18, 2007 citation.   Plaintiff does not know Mingo's current whereabouts and believes Mingo is no longer in Boise.

INTERROGATORY NO. 3: Fully identify all witnesses, including expert witnesses, who may be called to testify on your behalf in this action and indicate the subject matter on which each is expected to testify and the substance of his expected testimony; and state for each whether any of said witnesses are related to you (stating the relationship), have testified for you or your attorney in any other matters, have been or will be paid any fee other than ordinary witness fees as fixed by law, are regularly in your employ, or have a monetary interest, direct or indirect, in the outcome of this litigation, other than fees and salary, stating said interest, if any.

**EXHIBIT #34**

## **VERIFICATION**

State of Idaho            )
                          )            ss:
County of Ada             )

Basil Humphrey, being first duly sworn, deposes and states:

I have read the foregoing interrogatories and answers and know the contents thereof of

my own personal knowledge, and believe the facts therein stated to be true.


_Basil Humphrey_
Basil Humphrey

Subscribed and sworn to before me this 15th day of August, 2010.



_Fawn L. Pettet_
Notary Public for State of Idaho
My Commission Expires 9-2-2015

**EXHIBIT #34**

COMES NOW, Plaintiff Robert Martin ("Plaintiff"), by and through his attorney of record, Howard A. Belodoff, and supplements his answers to Defendants' First Set of Interrogatories and Requests for Production as follows:

General Objections

Plaintiff incorporates the General Objections articulated in his Answers to Defendants' First Set of Interrogatories and Requests for Production dated April 16, 2010.  Plaintiff reserves the right to supplement these answers at a later date.

INTERROGATORIES

INTERROGATORY NO 1: State your full name, any nicknames or aliases used, your social security number, your date of birth, your place of birth, your current address, and your current telephone number.

ANSWER:  Plaintiff reasserts his objections and incorporates his response dated April 16, 2010.  Subject to and without waiving the forgoing general and specific objections, Plaintiff was released from the Ada County Jail on or about April 30, 2010, and has been residing in Interfaith Sanctuary.

INTERROGATORY NO. 6: Identify any medical, psychological, psychiatric, or other treatment received by Plaintiff for any medical, psychological, mental, or anger management problems or disorder, including the name of the provider, the diagnosis, and dates of treatment.

ANSWER:  Plaintiff reasserts his objections and incorporates his response dated April 16, 2010.  Subject to and without waiving the forgoing general and specific objections, at various times since 2005 to present Plaintiff received counseling from ███████████

PLAINTIFF ROBERT MARTIN'S SUPPLEMENTAL ANSWERS TO DEFENDANTS'
FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION – Page 2

**EXHIBIT #35**

## VERIFICATION

State of Idaho          )
                        )     ss:
County of Ada           )

Robert Martin, being first duly sworn, deposes and states:

I have read the foregoing interrogatories and answers and know the contents thereof of

my own personal knowledge, and believe the facts therein stated to be true.

DATED this __3__ day of _May_____, 2010.


_____
Robert Martin

Subscribed and sworn to before me this __3__ day of _May_, 2010.


_____
Notary Public for State of Idaho
Residing at Boise
My Commission Expires ___6/3/12___

EXHIBIT #35

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


JANET F BELL, BRIAN S. CARSON,     )

CRAIG FOX, ROBERT MARTIN,          )

LAWRENCE LEE SMITH, ROBERT         )

ANDERSON, and PAMELA S. HAWKES,    )

                    Plaintiffs,    )

vs.                                ) Case No.

CITY OF BOISE, BOISE POLICE        ) CIV 09-0540-S-REB

DEPARTMENT, and MICHAEL            )

MASTERSON, in his official         )

capacity as Chief of Police,       )

                    Defendants.    )

_____)


DEPOSITION OF JANET F. BELL NIGHTENGALE

June 29, 2010


REPORTED BY:

DIANA L. DURLAND, CSR No. 637

Notary Public


**EXHIBIT #36**

1        THE DEPOSITION OF JANET F. BELL NIGHTENGALE

2   was taken on behalf of the Defendants at the Idaho

3   State Correctional Institution, 13500 South Pleasant

4   Valley Road, Kuna, Idaho, 83634, commencing at 1:45

5   p.m. on June 29, 2010, before Diana L. Durland,

6   Certified Shorthand Reporter and Notary Public within

7   and for the State of Idaho, in the above-entitled

8   matter.

9                A P P E A R A N C E S

10  For the Plaintiff:

11      HOWARD A. BELODOFF

12      Idaho Legal Aid Services, Inc.

13      310 North Fifth Street

14      Boise, Idaho, 83702

15

16      Latham & Watkins, LLP

17      By:  KRISTEN M. SCHEFFLER

18      555 Eleventh Street, Suite 1000

19      Washington, DC, 20004-1304

20

21

22

23

24

25

CONFIDENTIAL PORTION INCLUDED                **EXHIBIT #36**

```
 1                 JANET F. BELL NIGHTENGALE,

 2   having been first duly sworn to tell the truth

 3   relating to said cause, testified as follows:

 4                      EXAMINATION

 5   BY MR. MUIR:

 6        Q. Janet, I introduced myself.  I'm Scott Muir.

 7   I represent the City of Boise and Michael Masterson

 8   in the lawsuit that you're a plaintiff in.

 9        Would you prefer to be called Janet or

10   Mrs. Nightengale?

11        A. Jan actually.

12        Q. Jan, this deposition is being taken pursuant

13   to the Federal Rules of Civil Procedure.  Have you

14   ever had your deposition taken before?

15        A. Yes, I have.

16        Q. Can you tell me when?

17        A. That would have been last year, October, I

18   believe it was.  Don't quote me on it.  No, it was

19   before that.

20        Q. What type of case was that?

21        A. That was medical malpractice.

22        Q. And what was your involvement in the case?

23        A. I'm the plaintiff.

24        Q. And where was the malpractice case filed?

25        A. That was here in Boise.
```

**EXHIBIT #36**

1      Q. So do you currently do any illegal drugs?

2      A. I do not.

3      Q. How long has it been since you have?

4      A. Probably about -- let's see, this is 2010.

5    I think probably about four or five years.

6      Q. And when you did heroin, would you shoot it?

7      A. I did, yeah.

8      Q. Where do you currently live?

9      A. I live at 3905 Alpine Street, Apartment

10   Number 37.

11         MR. BELODOFF:  Can we get a break?

12         MR. MUIR:  You bet.  This would be a good

13   time.

14         (Recess taken.)

15     Q. (BY MR. MUIR)  Jan, we're back on the record

16   after just a short break.  You had given me an

17   address where you reside now?

18     A. Yes.

19     Q. Can you tell me how long you've lived there?

20     A. I believe it was either July or August `08

21   that we moved in.

22     Q. And how did you end up at that address?

23     A. My husband and I got on housing and found an

24   apartment and moved in.

25     Q. What type of housing did you say?

CONFIDENTIAL PORTION INCLUDED

**EXHIBIT #36**

## REPORTER'S CERTIFICATE

I, DIANA L. DURLAND, CSR No. 637, Certified Shorthand Reporter, certify:

That the foregoing proceedings were taken before me at the time and place therein set forth, at which time the witness was put under oath by me;

That the testimony and all objections made were recorded stenographically by me and were thereafter transcribed by me or under my direction;

That the foregoing is a true and correct transcript of all testimony given, to the best of my ability;

I further certify that I am not a relative or employee of any attorney or of any of the parties, nor financially interested in the action.

I declare that the foregoing is true and correct.

IN WITNESS WHEREOF, I set my hand and seal this __11th__ day of _____August_____, 2010

DIANA L. DURLAND, CSR No. 637

Notary Public

Boise, Idaho

My Commission Expires 12-16-10

**EXHIBIT #36**

ANSWER:  Plaintiff incorporates General Objection Nos. 1 and 3 in response to Interrogatory No. 1.  Subject to and without waiving the forgoing general and specific objections, Plaintiff's name is Janet Faye Bell-Nightengale and her address is 3405 Alpine St. Apt. 37 Boise, Idaho.

INTERROGATORY NO. 2: Identify by name, address and telephone number any and all persons known to you or to anyone acting on your behalf who have knowledge or purport to have knowledge of any of the events or happenings related to the subject lawsuit and the damages, if any, resulting there from; and, for each, state the relevant facts which you understand to be within the knowledge of such person.

ANSWER:  Plaintiff incorporates Initial Disclosures by Plaintiffs in response to Interrogatory No. 2.  In addition, Plaintiff Lawrence Smith has information of the facts regarding the issuance of the May 12, 2007 camping citation.

INTERROGATORY NO. 3: Fully identify all witnesses, including expert witnesses, who may be called to testify on your behalf in this action and indicate the subject matter on which each is expected to testify and the substance of his expected testimony; and state for each whether any of said witnesses are related to you (stating the relationship), have testified for you or your attorney in any other matters, have been or will be paid any fee other than ordinary witness fees as fixed by law, are regularly in your employ, or have a monetary interest, direct or indirect, in the outcome of this litigation, other than fees and salary, stating said interest, if any.

ANSWER:  Plaintiff objects to Interrogatory No. 3 as premature.  Plaintiffs will supplement in accordance with the Case Management Order.

INTERROGATORY NO. 4: If the expert witness identified in the above Interrogatory is to render an opinion in this action, please set forth the underlying facts or data supporting or tending to support the opinion as required by Rule 705 of the Federal Rules of Evidence.

## VERIFICATION

State of Idaho         )
                              )    ss:
County of Ada        )

Janet F. Bell Nightengale, being first duly sworn, deposes and states:

I have read the foregoing interrogatories and answers and know the contents thereof of

my own personal knowledge, and believe the facts therein stated to be true.

DATED this ___3___ day of ___MAY___, 2010.

_____
Janet F. Bell Nightengale

Subscribed and sworn to before me this ___3___ day of ___May___, 2010.

_____
Notary Public for State of Idaho
Residing at Boise
My Commission Expires ___6/5/12___

**EXHIBIT #37**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JANET F. BELL, BRIAN S.      )
CARSON, CRAIG FOX, ROBERT    )  Civil Action No.
MARTIN, LAWRENCE LEE SMITH,  )  CIV 09-0540-S-REB
ROBERT ANDERSON, and PAMELA  )
S. HAWKES,                )
                             )
        Plaintiffs,     )
                             )
    v.                    )
                             )
CITY OF BOISE; BOISE POLICE  )
DEPARTMENT; and MICHAEL      )
MASTERSON, in his official   )
capacity as Chief of Police, )
                             )
        Defendants.     )
_____)


DEPOSITION OF PAMELA S. HAWKES

TAKEN ON BEHALF OF THE DEFENDANTS

AT 8909 AIRPORT ROAD, SPOKANE, WASHINGTON

JUNE 28, 2010, AT 12:58 P.M.


REPORTED BY:

ANITA W. SELF, CSR, RPR
Notary Public


**EXHIBIT #38**

1           THE DEPOSITION OF PAMELA S. HAWKES was taken on

2      behalf of the Defendants, on this 28th day of June,

3      2010, at the Airport Ramada Inn, 8909 Airport Road,

4      Spokane, Washington, before M & M Court Reporting

5      Service, Inc., by Anita W. Self, Court Reporter and

6      Notary Public within and for the State of Washington,

7      to be used in an action pending in the United States

8      District Court for the District of Idaho, said cause

9      being Case No. CIV 09-0540-S-REB in said Court.

10          AND THEREUPON, the following testimony was

11     adduced, to wit:

12                    PAMELA S. HAWKES,

13     having been first duly sworn to tell the truth, the

14     whole truth, and nothing but the truth, relating to

15     said cause, deposes and says:

16                    EXAMINATION

17     BY MR. MUIR:

18       Q.   Pam, my name is Scott Muir and I represent

19     the City of Boise and Chief Mike Masterson in this

20     lawsuit that's been filed by you and other plaintiffs.

21          Do you understand that?

22       A.   Yes, I do.

23       Q.   Is it okay if I call you Pam?

24       A.   I'd prefer Pamela.

25       Q.   Pamela, okay, rather than Ms. Hawkes; is that

**EXHIBIT #38**

1   doesn't confuse the court reporter.  Is that okay?

2         A.   Yes.

3         Q.   Let me start with your full name, and if

4   you'd spell the last name for the record.

5         A.   My full name is Pamela Sue-Anne Hawkes.  My

6   last name is spelled H-a-w-k-e-s.

7         Q.   And do you have a current address?

8         A.   I do.

9         Q.   And what is that?

10        A.   It is 6120 North Lidgerwood, Apartment 207,

11  Spokane, Washington 99208.

12        Q.   And how long have you been at that address?

13        A.   Approximately going on two years now.

14        Q.   Do you know what the month or date would be

15  that you moved in?

16        A.   August 8th of 2008.

17        Q.   Is that a home, an apartment, a rental?

18        A.   That would be an apartment building.

19        Q.   And do you have roommates?

20        A.   I live with my mother.

21        Q.   And do you share the rent payments with your

22  mother?

23        A.   No, not at this time.

24        Q.   So does your mother pay the full rent?

25        A.   Yes.

**EXHIBIT #38**

1   that time.

2        Q.   Okay.  How long did you stay in Spokane, do

3   you remember?

4        A.   Until the first time I went to Boise, Idaho.

5        Q.   And do you know when that would have been?

6        A.   In 2006.

7        Q.   From the time that you left your father and

8   step-mom's house, did you have any work in Spokane?

9        A.   No.

10       Q.   And where did you stay?

11       A.   I stayed at a homeless shelter here in

12   Spokane, Washington.

13       Q.   And what was it called?

14       A.   The Hope House.

15       Q.   How long were you there?

16       A.   I was there until I left for Boise, Idaho.

17       Q.   So would that have been a full year?

18       A.   Yes.

19       Q.   And did the Hope House have any restrictions

20   on how long you could stay there?

21       A.   No.

22       Q.   And why did you leave the Hope House?

23       A.   At the time myself and my fiance wanted to go

24   to Boise, Idaho.

25       Q.   And who was your fiance?

1   want to be homeless, but I was homeless and that's

2   pretty much -- I wanted to get work, I wanted to be

3   stable, have stability in my life.  So that's what I

4   mean by that pretty much.

5        Q.   And how about Mr. Bonham, was he with you the

6   whole time you were in Boise?

7        A.   For the most part.

8        Q.   And how do you mean "for the most part"?

9        A.   We had our fights, we had arguments at times,

10  so there were times when we were not always together

11  24/7.  But for the most part, we were together a lot of

12  the time.

13       Q.   Okay.  How long were you in Boise then?

14       A.   All the way from 2006 -- I left once in late

15  2007 and I came back after coming back to Spokane.  So

16  altogether, I was in Boise for a period of about almost

17  two years altogether.

18       Q.   So you left Boise in the spring of 2008?

19       A.   Completely, yes.

20       Q.   Okay.

21       A.   Actually, it was fall of 2008.

22       Q.   And you're saying that you left once in late

23  2007 to come back to Spokane; is that correct?

24       A.   Correct.

25       Q.   Why'd you come back to Spokane?

**EXHIBIT #38**

1        A.    It was to -- because I was having issues in

2   Boise at the time.  I was having a really hard time

3   emotionally and mentally at the time, so I chose to

4   come back to Spokane -- well, not really.  I came back

5   to Spokane to get away for a little while.

6        Q.    And how long a period did you come back for?

7        A.    I was only here for about a month.

8        Q.    Who'd you stay with up in Spokane?

9        A.    At that time, nobody.

10        Q.    Did you stay at a shelter?

11        A.    Yeah, at the Hope House.

12        Q.    For the whole month?

13        A.    Um-hmm.

14        Q.    What made you come back to Boise then?

15        A.    My fiance.

16        Q.    You're saying that you had some emotional and

17   mental issues.  Anything that you saw any professional

18   health care providers over?

19        A.    Yes.

20        Q.    Okay.  Tell me who you saw.

21        A.    I saw Terry Reilly Health Clinic and also

22   Dr. Negron.

23        Q.    The doctor's name again?

24        A.    Negron.

25        Q.    And what is he?

**EXHIBIT #38**

1      A.   Yes.

2      Q.   Do you have any specific complaints about

3   their conduct with you?

4           MR. BELODOFF:  Do you understand that

5   question?

6           THE WITNESS:  No, I don't.

7   BY MR. MUIR:

8      Q.   No, you don't have any complaints or you

9   don't understand?

10     A.   I'm sorry.  I don't understand.

11     Q.   Okay.  I've got a couple questions that you

12  may have answered, and if you did, I apologize for

13  asking again.

14          Do you currently have a job?

15     A.   Not at this time, no.

16     Q.   Do you have any plans on returning to Boise,

17  Idaho?

18     A.   Yes.

19     Q.   And when would you like to return to Boise,

20  Idaho?

21     A.   At this time I do not know.

22     Q.   But you plan to in the future?

23     A.   Yes.

24     Q.   And when would that be or what reason would

25   you have for moving back to Boise, Idaho?

**EXHIBIT #38**

1      A.    I really like the scenery and how clean it

2   is, and not so overpopulated.

3      Q.    Are you currently looking for a job?

4      A.    Not at this time, no.

5      Q.    And why is that?

6      A.    Right now I'm applying for SSI.

7      Q.    Based on what?

8      A.    Based on mental health.

9      Q.    Do you feel that you can work?

10     A.    No.

11     Q.    And that's based on mental health issues?

12          MR. BELODOFF:   That's been asked and

13   answered.  She said that.

14   BY MR. MUIR:

15     Q.    Okay.  What specifically prevents you from

16   working?

17     A.    Anxiety, depression and PTSD.

18     Q.    Do you have trouble functioning in everyday

19   life?

20     A.    No.

21     Q.    And how do you feel that having a job would

22   be different?

23     A.    Could you rephrase the question?

24     Q.    Well, you're saying you don't have any

25   problems in functioning in everyday life but you don't

EXHIBIT #38

1  think you can work.  And I'm just asking specifically

2  what the difference is.

3          MR. BELODOFF:  She's not testified she

4  doesn't have any problems.  That wasn't what you asked

5  her Scott, so I object to that question.

6  BY MR. MUIR:

7      Q.  Okay.

8      A.  Can you repeat the question again?

9      Q.  Yeah.  My understanding is that you feel that

10  you get along fairly well in everyday life but that you

11  think that your mental issues do not allow you to work.

12  And I'm wondering what the difference is.

13          MR. BELODOFF:  Again, object.  She did

14  testify she gets along fairly well.  She never said

15  that.

16  BY MR. MUIR:

17      Q.  Let me clarify.

18          Do you feel that you get along fairly well in

19  everyday circumstances?

20          MR. BELODOFF:  What do you mean by "get

21  along"?  I can't -- these are very vague.  Get along

22  how?

23  BY MR. MUIR:

24      Q.  Do your mental issues affect the way you go

25  about your everyday life?

**EXHIBIT #38**

1                    REPORTER'S CERTIFICATE

2

3           I, Anita W. Self, Certified Shorthand Reporter,

4    do hereby certify:

5           That the foregoing proceedings were taken

6    before me at the time and place therein set forth, at

7    which time any witnesses were placed under oath;

8           That the testimony and all objections made were

9    recorded stenographically by me and were thereafter

10   transcribed by me or under my direction;

11          That the foregoing is a true and correct record

12   of all testimony given, to the best of my ability;

13          That I am not a relative or employee of any

14   attorney or of any of the parties, nor am I financially

15   interested in the action.

16          IN WITNESS WHEREOF, I have hereunto set my hand

17   and seal this 13th day of July, 2010.

18

19

20                            _____

                              ANITA W. SELF, CSR #3032
21                            Notary Public
                              816 Sherman Avenue, Suite 7
22                            Coeur d'Alene, ID  83814

23   My Commission Expires:   May 5, 2013

24

25

**EXHIBIT #38**

ANSWER: Plaintiff incorporates General Objection Nos. 1 and 3 in response to Interrogatory No. 1. Subject to and without waiving the forgoing general and specific objections, Plaintiff's full name is Pamela Sueanne Hawkes and her address is 6120 North Lidgerwood Street, Apartment 207, Spokane, Washington 99208.

INTERROGATORY NO. 2: Identify by name, address and telephone number any and all persons known to you or to anyone acting on your behalf who have knowledge or purport to have knowledge of any of the events or happenings related to the subject lawsuit and the damages, if any, resulting there from; and, for each, state the relevant facts which you understand to be within the knowledge of such person.

ANSWER: Plaintiff incorporates Initial Disclosures by Plaintiffs in response to Interrogatory No. 2. In addition, Plaintiff's fiancé James Bonham may have knowledge of the circumstances of her citations. Mr. Bonham is a homeless resident of Spokane, Washington and does not have an address or telephone number.

INTERROGATORY NO. 3: Fully identify all witnesses, including expert witnesses, who may be called to testify on your behalf in this action and indicate the subject matter on which each is expected to testify and the substance of his expected testimony; and state for each whether any of said witnesses are related to you (stating the relationship), have testified for you or your attorney in any other matters, have been or will be paid any fee other than ordinary witness fees as fixed by law, are regularly in your employ, or have a monetary interest, direct or indirect, in the outcome of this litigation, other than fees and salary, stating said interest, if any.

ANSWER: Plaintiff objects to Interrogatory No. 3 as premature. Plaintiffs will supplement in accordance with the Case Management Order.

## **VERIFICATION**

State of Washington       )
                          )      ss:
County of Spokane         )

Pamela S. Hawkes, being first duly sworn, deposes and states:

I have read the foregoing interrogatories and answers and know the contents

thereof of my own personal knowledge, and believe the facts therein stated to be true.


_Pamela S. Hawkes_
Pamela S. Hawkes

Subscribed and sworn to before me this 17th day of August, 2010.

SUE E MCINtYRE
_Sue E McIntyre_
Notary Public for State of Washington
My Commission Expires 6/30/11

**EXHIBIT #39**