UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JANET F. BELL, BRIAN S. CARSON, ROBERT MARTIN, LAWRENCE LEE SMITH, ROBERT ANDERSON, PAMELA S. HAWKES, JAMES M. GODFREY, and BASIL E. HUMPHREY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BOISE; BOISE POLICE DEPARTMENT; and MICHAEL MASTERSON, in his official capacity as Chief of Police,<br><br>Defendants. | Case No. 1:09-cv-00540-REB<br><br>**MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO STRIKE AND DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT** |

Pending before the Court is Defendants' Motion to Strike and Dismiss Portions of Plaintiffs' Second Amended Complaint (Dkt. 156). The Court has carefully reviewed the record, considered oral arguments, and now enters the following Order granting, in part, and denying, in part, Defendants' Motion.

## BACKGROUND

The Plaintiffs are individuals who either are, or were, homeless in Boise. They allege that Defendants (Boise City and its Police Department) have criminalized

**MEMORANDUM DECISION AND ORDER - 1**

homelessness in the manner in which they enforce certain Boise City ordinances.[1] The factual and procedural background of this case has been described at length in earlier decisions and it need not be repeated in full here for purposes of the present motion, except as necessary in the "Discussion" section below.

Relevant here, Defendants ask the Court to dismiss Plaintiffs' First Claim for Relief, made pursuant to 42 U.S.C. § 1983, and to strike from the Second Amended Complaint all allegations related to Defendants' enforcement of Boise City Code § 13-03-05(E), referred to as the "Park After Dark" ordinance.[2] For the reasons explained below, the Court, in large part, grants Defendants' Motion, and will require Plaintiffs to remove one claim and several allegations from their Second Amended Complaint.[3]

---

[1] The ordinances are Boise City Code Section 9-10-02 02 (the "Camping Ordinance") and Boise City Code Section 6-01-05(A) (which prohibits disorderly conduct and is referred to throughout this order as the "Sleeping Ordinance"). They are referred to as "the Ordinances" in this Memorandum Decision and Order.

[2] Boise City Code § 13-03-05(E) prohibits any person from "enter[ing] or remain[ing] in the park during times of closure, except for purposes of transit through the park, or as authorized by permit."

[3] Plaintiffs have withdrawn their demand for a jury trial and that demand is stricken from the Second Amended Complaint. *See* Opp'n, p. 3, n.1 (Dkt. 159).

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

**A.     Plaintiffs' § 1983 Claim**

Defendants argue that Plaintiffs' § 1983 claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

*1.     Standards of Law*

Dismissal under Rule 12(b)(6) for failure "to state a claim upon which relief can be granted," may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). At issue here is whether Plaintiffs have a legal basis for their § 1983 Claim.

*2.     Discussion*

In *Heck*, the United States Supreme Court held that:

> [I]n order to recover damages for [an] allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a ... plaintiff must prove that
> the conviction or sentence has been reversed on direct appeal,

---

[4] Defendants also seek dismissal under Federal Rules of Civil Procedure 12(f) and 16(f), but because dismissal is warranted under Rule 12(b)(6), the Court need not address these additional arguments raised as bases for striking the § 1983 Claim.

**MEMORANDUM DECISION AND ORDER - 3**

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87.

In the prior Memorandum Decision and Order on Defendants' Motion for Summary Judgment, this Court applied *Heck's* favorable termination requirement to bar Plaintiffs' claims for relief under § 1983:

> A judgment finding the Ordinances unconstitutional in this case necessarily would imply the invalidity of Plaintiffs' convictions under those Ordinances. The fulcrum of Plaintiffs' § 1983 claims is the allegation of unconstitutional convictions. None of those convictions, however, was reversed on direct appeal or otherwise called into question, and none of the Plaintiffs raised a constitutional challenge in his or her criminal case, including on appeal. The holding of *Heck* is a close fit to such circumstances. Accordingly, the *Heck* bar applies to Plaintiffs' claims that would necessarily imply the invalidity of the convictions or sentences. Here, that includes the relief requesting expungement of the records of any camping and sleeping ordinance violations, reimbursement for any fines or incarceration costs, recovery of damages for the alleged civil rights violations, and any other claim or recovery tied to events that have already occurred.

*Bell v. City of Boise*, Case No. 1:09–cv–00540–REB, 2014 WL 295189, *4 (D.Idaho Jan. 27, 2014) (footnote omitted). However, the Court allowed Plaintiffs leave to assert a

**MEMORANDUM DECISION AND ORDER - 4**

§ 1983 claim for prospective declaratory and injunctive relief, despite the Court's ruling that *Heck* bars all other relief requested under § 1983, *if* Plaintiffs provided authority to support such a claim.

To that end, Plaintiffs' Second Amended Complaint references two cases as support for a narrowed § 1983 claim seeking only prospective relief—*Steffel v. Thompson*, 415 U.S. 452 (1974) and *Vasquez v. Rackauckas*, 734 F.3d 1025 (9th Cir. 2013). 2d Amd. Compl., p. 3 (Dkt. 154). Neither decision, however, provides authority or guidance that outweighs *Wilkinson v. Dotson*, in which the United States Supreme Court explained that certain "cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration". 544 U.S. 74, 81–82 (2005) (emphasis added).[5]

---

[5] *Steffel* was decided twenty years before *Heck* and did not involve state criminal *convictions*, but rather only *threatened* state prosecution. Thus, it is of little import on the question of *Heck's* applicability. *Vasquez* concerned the "procedures constitutionally required" before individuals are denied the opportunity to defend against imposition and enforcement of civil injunction orders. 734 F.3d. at 1030. *Heck's* bar was never raised in *Vasquez*, nor was the *Heck* case cited or discussed.

Similarly, in another case discussed by Plaintiffs at oral argument, *American Civil Liberties Union, et al. v. Boise*, Case No. 1:13-cv-00478-EJL, the *Heck* bar was neither raised by

Here, every iteration of Plaintiffs' Complaint has alleged as the factual basis for their claims the fact that they were cited and convicted under the Ordinances. *See, e.g.*, Dkt. 1, ¶¶ 7-9; Dkt. 53, ¶¶ 7-9; Dkt. 154, ¶¶ 7-10. *See also* Dkt. 141-1; Dkt. 143, p. 1. None of the Plaintiffs raised an Eighth Amendment challenge in their criminal proceedings. Hence, a ruling in favor of Plaintiffs on even a prospective § 1983 claim would demonstrate the invalidity of any confinement stemming from those convictions. In this way, the relief requested by Plaintiffs in this case differs significantly from what the plaintiff sought in *Osborne v. District Attorney's Office for Third Judicial District*, 423 F.3d 1050 (9th Cir. 2005), a case on which Plaintiffs rely. In *Osborne*, the plaintiff sued under § 1983 to compel release of certain evidence used to convict him; he did not argue that his statute of conviction was unconstitutional. *See Osborne*, 423 F.3d at 1054 (plaintiff's "success would yield only access to . . . evidence—nothing more"); *see also id.* at 1055 (noting that the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74, "found it key" that "at most, success [for the plaintiffs] meant a new parole hearing, at which the prisoners might—or might not—receive reduced sentences"). In essence, in *Osborne*

---

the parties nor considered by the district court. That case involved a constitutional challenge to a Boise City ordinance brought under § 1983, similar to the claim brought here. The rule set out in *Heck*, however, was not considered when the court addressed the standing challenge raised by the Boise City defendants, nor in its Order on a Motion for Preliminary Injunction (Dkt. 18). Shortly thereafter, the parties stipulated to dismissal of that case (Dkt. 21).

(and other cases in which courts have found that *Heck* does not bar § 1983 claims), the plaintiffs challenged a procedure or process and not the statute of conviction. *See also, e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (prisoner's § 1983 action alleged "that the *procedures* used in his disciplinary proceeding violated his Fourteenth Amendment due process rights," not the disciplinary decision itself) (emphasis added).

Plaintiffs have not provided any authority sufficient to persuade the Court that there should be some revision to the Court's prior decision that *Heck* bars Plaintiffs' § 1983 claims. Accordingly, the Court will not revise its prior decision on the application of *Heck* to the facts of this case.[6]

## B.     Allegations and Claims Related to Boise City Code § 13-03-05(E)

Defendants ask that the Court strike all allegations in the Second Amended Complaint related to the Park After Dark ordinance, Boise City Code § 13-03-05(E), under Federal Rules of Civil Procedure 12(f) and 16(f). Although much of the parties'

---

[6] This ruling does not preclude all categories of potential plaintiffs from bringing a § 1983 claim challenging these ordinances. Those who are cited under the Ordinances and raise an Eighth Amendment claim in their criminal proceedings would not necessarily be barred by *Heck* from later bringing an § 1983 claim, and those who are never cited or arrested may still bring a claim if they demonstrate a realistic danger of injury. *See, e.g.*, *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1015 (9th Cir. 2013) (explaining that, to establish standing, a plaintiff "must demonstrate a realistic danger of sustaining a direct injury as a result of a statute's operation or enforcement," but "does not have to await the consummation of threatened injury to obtain preventive relief") (citation and internal quotation marks omitted).

argument is focused on whether these allegations may be stricken under the standards of Rule 12(f), the proper focus is on Rule 16(f) because the amendment was made after the deadline for amending pleadings and without prior leave of the Court.

There is no question that Plaintiffs' allegations regarding the Park After Dark ordinance seek to bring a wholly separate claim against Defendants—specifically, that Defendants' enforcement of this ordinance violates the Eighth Amendment—and that such a claim was not previously raised. Even though the Park After Dark ordinance may have been mentioned in discovery, that ordinance was never alleged as a basis for an Eighth Amendment claim, nor have Plaintiffs sought at any time permission to amend their original Complaint to add such a claim.

The deadline for amending pleadings expired long before this claim was made. Moreover, in the appeal that preceded the return of this case to this Court, the Ninth Circuit considered the claims and issues Plaintiffs brought in this case and ruled that some of Plaintiffs' claims were properly dismissed and others abandoned on appeal. The Circuit clearly identified only one portion of the case that remained at issue on remand. *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013). Thus, there is no room left for Plaintiffs to argue that they should be allowed to remodel the case or add new claims at

this point in the litigation. And, indeed, they have not sought the leave of court required to amend a pleading after the case management deadline has passed.

"A schedule may be modified only for good cause and with the judge's consent."[7] Fed. R. Civ. P. 16(b)(4). The Court has discretion to modify the schedule, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992), but Plaintiffs have not demonstrated good cause to do so at this stage of the litigation. The parties' claims, defenses, and positions on this case have been formed and litigated at length, and this case is before the Court on remand, having been pared down extensively before and after an appeal. Some additional discovery on the one remaining claim is warranted to give full and fair consideration to that claim; however, there is no good cause to add claims and extensively remodel the case at this point.

Additionally, unlike "Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking an amendment and the prejudice to the opposing party, the 'good cause' standard set forth in Rule 16 primarily focuses on the diligence of the party

---

[7] Plaintiffs cite to and discuss the standard from Federal Rule of Civil Procedure 15, which provides that leave to amend should be freely given. Pls.' Opp'n, p. 14 (Dkt. 159). However, the deadline to amend pleadings has expired and Rule 16 governs any request for amendment after that deadline has passed. The Court's order requiring Plaintiffs to amend their Complaint was for the purpose of removing the dismissed claims and cleaning up the record after remand, thereby providing a cleaner slate upon which to proceed.

requesting the amendment." *Sadid v. Vailas*, 943 F.Supp.2d 1125, 1138 (D.Idaho. 2013) (Winmill, J.) (citing *Johnson*, 975 F.2d at 607). Here, Plaintiffs filed a First Amended Complaint on June 28, 2010. (Dkt. 53). Not long thereafter, in August 2010, depositions occurred in which Plaintiffs learned that Defendants may be enforcing the Park After Dark ordinance against homeless individuals. *See, e.g.*, O'Rourke Dep., pp. 37-64 (Dkt. 159-2). The parties filed motions for summary judgment over a month later, on September 30, 2010, but Plaintiffs did not seek leave to amend their First Amended Complaint or to include the Park After Dark ordinance in their summary judgment arguments, despite learning in August that citations were being issued under that ordinance. *See* Dkt. 85, p. 1. In short, neither the fact of the Park After Dark ordinance, nor the fact of its enforcement, was something recently discovered.

In summary, although Plaintiffs refer to their Park After Dark additions as "an additional theory of harm" and "additional grounds to find for Plaintiffs on both claims," Pls.' Opp'n, p. 13 (Dkt. 159), they really raise a new claim, which Plaintiffs have neither requested leave to add, nor demonstrated the requisite good cause for doing so.

## C. Other New Factual Allegations in the Second Amended Complaint

A motion to strike is meant to target "spurious issues," "matter . . . that has no essential or important relationship to the claim for relief or the defense being plead," or

"statements that do not pertain to the issues in [the case]." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Additionally, Rule 12(f) motions are generally viewed with disfavor and are not frequently granted. *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D.Cal. 2003).

The Court agrees with Plaintiffs that the Second Amended Complaint properly updates information related to the Plaintiffs' standing to bring their claims, adds statistics on Boise's homeless population, and references reports and other information about actions taken with regard to the homeless and enforcement of the challenged Ordinances. Such revisions include allegations related to Plaintiffs' health, homeless status, additional ordinance violation citations that they may have received, statistics regarding Boise's homeless population, the availability of shelter beds, and actions taken by the Boise Police Department and Boise City over the past four years regarding the Ordinances and the homeless population. Such information is properly brought into the new pleading.

However, allegations related to the newly-alleged Park After Dark claim do not pertain to the claims raised in this case and should be stricken. This does not mean that Plaintiffs are precluded from presenting evidence related to that ordinance at trial if it is relevant to the claims properly raised and the evidence otherwise meets all the requirements of the Federal Rules of Evidence.

# CONCLUSION & ORDER

**ACCORDINGLY, IS HEREBY ORDERED** that Defendants' Motion to Strike and Dismiss Portions of Plaintiffs' Second Amended Complaint (Dkt. 156) is GRANTED, in part, and DENIED, in part, as set forth in more detail above. Claim One (made pursuant to Section 1983) and Plaintiffs' demand for a jury trial are stricken from the Second Amended Complaint.

Additionally, to the extent the Second Amended Complaint seeks a Declaratory Judgment regarding Boise Municipal Code § 13-03-05(E) and raises any factual allegations related to that ordinance, those portions of the Second Amended Complaint also are stricken. *See, e.g.*, 2d Amd. Compl., ¶¶ 3, 4, 14, 15, 20, 34, 36, 39, 48, 53, 57, 61 (Dkt. 154). However, new information about the Plaintiffs, such as details of their medical and mental health history and their homelessness status, as well as citations to articles, reports, and statistics, is not stricken. *See, e.g.*, 2d Amd. Compl., ¶¶ 1, 7-10, 16, 18, 21-27, 29, 31, 40-45, 48-53 (Dkt. 154).

Plaintiffs shall remove all stricken matters from their Second Amended Complaint and, *without changing any allegations or making any new claims*, file a Revised Second Amended Complaint by **July 31, 2014**. Defendants' response to that pleading shall be filed in the ordinary course under the applicable rules.

Finally, the parties shall meet and confer and submit a new stipulated litigation plan proposing deadlines for this case going forward to trial. The stipulated litigation plan is due on or before **August 7, 2014**. The Court will allow some additional discovery on the factual allegations and Declaratory Judgment claim contained in the Revised Second Amended Complaint. However, that discovery may be limited to the time period from the Ninth Circuit's remand of this case to the present time. When proposing case management deadlines for discovery, dispositive motions, and ADR,[8] counsel should consider that the Court's preference is for this case to continue on an expedited schedule to allow for a trial to occur as soon as possible.

DATED: **July 16, 2014**.

Honorable Ronald E. Bush
U. S. Magistrate Judge.

---

[8] The deadline for initial disclosures and to amend pleadings and add parties has expired and the litigation plan accordingly need not include proposed deadlines for those events.