MICHAEL W. MOORE (ISBN 1919)
BRADY J. HALL (ISBN 7873)
MOORE & ELIA, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone:  (208) 336-6900
Facsimile: (208) 336-7031

R. STEPHEN RUTHERFORD (ISBN 5410)
Interim Boise City Attorney
SCOTT B. MUIR (ISBN 4229)
Assistant City Attorney
BOISE CITY ATTORNEY'S OFFICE
150 North Capitol Boulevard
P.O. Box 500
Boise, Idaho 83701-0500
Telephone: (208) 384-3870
Facsimile: (208) 384-4454

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT MARTIN, LAWRENCE LEE SMITH, ROBERT ANDERSON, BASIL E. HUMPHREY, PAMELA S. HAWKES, and JANET F. BELL<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BOISE, BOISE POLICE DEPARTMENT, and MICHAEL MASTERSON, in his official capacity as Chief of Police,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:09-CV-00540-REB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT (Dkt. 171)** |

COME NOW Defendants City of Boise, Boise Police Department, and Chief Michael

Masterson (hereinafter "Defendants"), and in response to *Plaintiffs' Revised Second Amended*

*Complaint and Injunctive and Declaratory Relief* (hereinafter "Plaintiffs' Complaint") (Dkt. 171), do hereby admit, deny, and allege as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Defendants deny each and every allegation in Plaintiffs' Complaint that is not herein specifically and expressly admitted.   Because limited discovery will continue in this case, Defendants reserve the right to amend this answer and any denial or admission contained herein.

## THIRD DEFENSE

1.      Defendants need not admit or deny the allegations contained in paragraphs 1 through 4 of Plaintiffs' Complaint as the same simply provide narrative and background, refer only generally and broadly to various stated conditions, and allege matters for which Defendants lack information, knowledge, or belief.   Notwithstanding, Defendants deny any and all allegations contained in these paragraphs that Defendants target individuals based on their homelessness status, issue citations for acts or omissions that the homeless cannot avoid, have criminalized homelessness, or otherwise commit acts in violation of the United States Constitution.   To the extent any further response is required, Defendants deny the remaining allegations contained in paragraphs 1 through 4 of Plaintiffs' Complaint.

2.      As to the allegations contained in paragraphs 5 and 6 of Plaintiffs' Complaint, Defendants admit only that venue and jurisdiction are proper before this Court.  Defendants deny the remaining allegations contained therein and specifically and expressly deny any allegation or

inference that Plaintiffs have proper standing, that any of the issues brought by Plaintiffs are ripe, or that this Court should, or may, enter declaratory or injunctive relief as requested by Plaintiffs in Plaintiffs' Complaint.

3.      As to paragraphs 7 through 12 of Plaintiffs' Complaint, Defendants admit only those allegations regarding the dates of issuance and formal dispositions of those camping and disorderly conduct citations received by the current and former Plaintiffs in this lawsuit. Defendants need not admit or deny the remaining allegations contained in these paragraphs as the same simply provide narrative and background, refer only generally and broadly to various stated conditions, and allege matters for which the Defendants lack information, knowledge, or belief.  To the extent any further response is required, Defendants deny the remaining allegations contained therein.

4.      As to the allegations contained in paragraph 13 of Plaintiffs' Complaint, Defendants admit that the City of Boise is a municipal corporation, organized under the laws of the State of Idaho, with the capacity to sue and be sued.  Defendants admit that the Boise Police Department is a department of the City of Boise.  Defendants deny the remaining allegations in paragraph 13.

5.      As to the allegations contained in paragraph 14 of Plaintiffs' Complaint, Defendants admit that the Boise Police Department is a department of the City of Boise and that officers within that Department provide public safety and law enforcement services to the citizens of the City of Boise and those within its jurisdictional boundaries.  Defendants deny the remaining allegations contained in paragraph 14 and assert that the Boise Police Department is an improper and unnecessary party in this lawsuit.

6.      As to the allegations contained in paragraph 15 of Plaintiffs' Complaint, Defendants admit that Michael Masterson has been the Chief of Police for the Boise Police Department since 2005.  Defendants deny the remaining allegations contained in paragraph 15 and assert that Chief Michael Masterson is an improper and unnecessary party in this lawsuit.

7.      Defendants need not admit or deny the first sentence of paragraph 16 of Plaintiffs' Complaint as it merely cites a Boise Municipal Code, which speaks for itself.  Defendants deny the remaining allegations contained in paragraph 16.

8.      As to paragraph 17 of Plaintiffs' Complaint, the Defendants deny those allegations contained in the first sentence as well as any inference contained in paragraph 17 that Defendants have failed to adequately train its officer for interactions with homeless individuals. Defendants need not admit or deny the allegations contained in the second and third sentences as they simply refer the Ombudsman's Report, which speaks for itself.

9.      Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.

10.     Defendants need not admit or deny the first sentence of paragraph 19 of Plaintiffs' Complaint as it merely cites a Boise Municipal Code ordinance, which speaks for itself. Defendants deny the remaining allegations in paragraph 19.

11.     Defendants admit the allegations contained in paragraph 20 of Plaintiffs' Complaint.

12.     Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

13.     As to the allegations contained in paragraph 22 of Plaintiffs' Complaint, Defendants admit that they promulgated the Overnight Shelter Capacity Advisory Protocol as

**DEFENDANTS' ANSWER TO PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT - pg. 4**

one (but not the only) means of implementing the Special Order.  Defendants further admit that the Protocol is currently not referenced or incorporated in any city ordinance at this time.

14.     As to the allegations contained in paragraph 23 of Plaintiffs' Complaint, Defendants admit only that the shelters have voluntarily agreed to report when they are full and that the shelters' actions in this regard do not need to be monitored or supervised by the Boise Police Department.  Defendants lack information, knowledge, or belief sufficient to either admit or deny whether "[t]here have been times that the shelters have been full and did not contact the BSU dispatch."  Defendants deny all other remaining allegations contained in paragraph 23.

15.     Defendants deny the allegations contained in paragraph 24 and 25 of Plaintiffs' Complaint.

16.     The allegations contained in paragraph 26 of Plaintiffs' Complaint reference separate litigation that is entirely irrelevant to this lawsuit and for which Defendants need not admit or deny.   Notwithstanding, Defendants deny those allegations contained in the first, second, and third sentences of paragraph 26 as phrased.  The allegations contained in the last sentence in paragraph 26 reference a court order, which speaks for itself.

17.     Defendants need not admit or deny the allegations contained in paragraph 27 of Plaintiffs' Complaint as the same merely cites federal law, which speaks for itself.

18.     Defendants need not admit or deny the allegations contained in paragraphs 28 through 31 of Plaintiffs' Complaint as the same simply provide narrative and background, refer only generally and broadly to various stated conditions, and allege matters for which Defendants lack information, knowledge, or belief.   To the extent any further response is required, Defendants deny the allegations contained therein.

19.     Defendants need not admit or deny the allegations contained in paragraph 32 of Plaintiffs' Complaint as it merely references the Ombudsman's Report, which speaks for itself. Notwithstanding, Defendants deny all other allegations in paragraph 32 and specifically deny any allegations or inferences that officers with the Boise Police Department are inadequately trained to interact with homeless individuals.

20.     Defendants need not admit or deny the allegations contained in paragraphs 33 through 37 of Plaintiffs' Complaint as the same simply provide narrative and background, refer only generally and broadly to various stated conditions, and allege matters for which Defendants lack information, knowledge, or belief.   Notwithstanding, Defendants specifically deny the allegation contained in the first sentence of paragraph 34 that "Defendants actions pose a health risk to the homeless population of Boise."

21.     Defendants deny the allegations contained in the first, second, and third sentences of paragraph 38 of Plaintiffs' Complaint.  Defendants need not admit or deny the remaining allegations contained in paragraph 38 as they simply reference the Ombudsman's Report, and another report authored by The National Coalition for the Homeless and The National Law Center on Homelessness & Poverty, both of which speak for themselves.

22.     Defendants need not admit or deny the allegations contained in paragraph 39 of Plaintiffs' Complaint as the same simply reference a report by the U.S. Interagency Council on Homelessness, which speaks for itself.

23.     Defendants need not admit or deny the allegations contained in paragraphs 40 through 45 of Plaintiffs' Complaint as the same simply provide narrative and background, refer only generally and broadly to various stated conditions, and allege matters for which the

Defendants lack information, knowledge, or belief.  Notwithstanding, Defendants deny the allegation in the first sentence of paragraph 41 asserting that the "shelters are routinely full."

24.     Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint as the same are vague, overbroad, and non-specific.

25.      As to paragraph 47 of Plaintiffs' Complaint, Defendants deny the allegations contained in the first sentence.  Defendants need not admit or deny the remaining allegations in paragraph 47 as they simply reference the Ombudsman's Report, which speaks for itself.

26.     As to paragraph 48 of Plaintiffs' Complaint, Defendants admit the allegations contained in the first sentence. Defendants need not admit or deny the remaining allegations in paragraph 48 as they simply reference the "Bike Patrol Report", which speaks for itself.

27.     As to the allegations contained in paragraph 49 of Plaintiffs' Complaint, Defendants admit only that Defendants enforce Boise Municipal Code § 9-10-02 and that most camping citations happen to be issued during the months of April and September, and between the hours of 5:30 and 8:30 a.m., because that is when camping activities in contravention of the ordinances have historically occurred within Boise's parks and public areas. Defendants deny the remaining allegations contained in paragraph 49.

28.     Defendants deny the allegations contained in paragraph 50 and 51 of Plaintiffs' Complaint as phrased because they are compound, misstate prior testimony on the record, and take documents and records provided in discovery entirely out of context.  Regardless, to the extent the allegations reference documents and testimony provided in discovery, Defendants need not admit or deny the allegations as the documents and testimony speak for themselves.

29.     Defendants deny the allegations contained in paragraphs 52 through 57 of Plaintiffs' Complaint.

30. As for Plaintiffs' "First Claim for Relief" as contained in Plaintiffs' Complaint, Defendants need not admit or deny paragraph 1. Defendants expressly and specifically deny each and every one of the allegations contained in paragraphs 2 though 5 as phrased.

31. The Plaintiffs' "Prayer for Relief" as contained in Plaintiffs' Complaint does not require Defendants to either admit or deny the same. However, to the extent such requires Defendants to provide a response, Defendants deny that Plaintiffs are entitled to any of the relief for which they pray.

## AFFIRMATIVE DEFENSES

1. Discovery continues and the Defendants may therefore learn additional facts and circumstances relevant to this lawsuit that could not have previously been known. Therefore, Defendants reserve, and specially request from the Court, leave to amend this Answer and add or remove affirmative defenses, if necessary.

2. The allegations contained in Plaintiffs' Complaint do not rise to the level of a deprivation of any right that is protected by the United States Constitution.

3. Plaintiffs' causes of action for declaratory and injunctive relief are not ripe.

4. Plaintiffs lack standing to assert some or all of the claims set forth in Plaintiffs' Complaint.

5. Plaintiffs' causes of action for declaratory and injunctive relief are moot.

6. Plaintiffs' causes of action for declaratory and injunctive relief are based upon mere speculation and there is insufficient evidence that any future harm complained of will or will not occur.

7.     The allegations contained in Plaintiffs' Complaint regarding their causes of action for declaratory and injunctive relief do not show or allege a sufficient likelihood of future injury or irreparable harm.

8.     Some or all of the acts or omissions complained of by the Plaintiffs against the Defendants do not arise as a result of Defendants' actions or omissions, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiffs of any civil rights.

9.     Defendant Boise Police Department does not have the capacity to be sued and is an unnecessary and improper party in this lawsuit.  The Boise Police Department should be dismissed and stricken from the caption with prejudice.

10.     Defendant Michael Masterson is an unnecessary and improper party in this lawsuit and should be dismissed and stricken from the caption with prejudice.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against the Plaintiffs as follows: that Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing under it; that Defendants be awarded costs pursuant to 42 USC § 1920; that judgment be entered in favor of Defendants on all of Plaintiffs' claims for relief and causes of action; and for such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 20th day of August, 2014.

MOORE & ELIA, LLP

/s/ Michael W. Moore
Michael W. Moore, of the firm
Counsel for Defendants

**DEFENDANTS' ANSWER TO PLAINTIFFS' REVISED SECOND AMENDED COMPLAINT - pg. 9**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of August, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Howard A. Belodoff
Idaho Legal Aid Services, Inc.
howardbelodoff@idaholegalaid.org

Marguerite Sullivan
LATHAM & WATKINS, LLP
Maggy.Sullivan@lw.com

Rebecca Valentine
LATHAM & WATKINS, LLP
Rebecca.Valentine@lw.com

Aziz Ahmad
LATHAM & WATKINS, LLP
Aziz.Ahmad@lw.com

Eric S. Tars
National Law Center on Homelessness &
Poverty
etars@nlchp.org


/s/  Michael W. Moore