John Ryskamp
1677 Arch St.
Berkeley, CA 94709
(510) 848-6898
philneo2001@yahoo.com

U.S. COURTS

AUG 2 5 2015

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT MARTIN and ROBERT ANDERSON, | Civil No. 1:09-CV-00540-REB |
| Plaintiffs, | |
| vs. | MOTION FOR LEAVE TO FILE AMICUS BRIEF AND AMICUS BRIEF |
| CITY OF BOISE, Defendant. | |

### REQUEST TO FILE COMBINED MOTION AND AMICUS BRIEF

The Court is poised to make dispositive rulings. In the interest of timesaving, and because this is a routine motion for permission to file an amicus brief, I request that, should the Court consider that such a request needs to be made, the Court allow this filing of a combined motion and brief. This Court allowed the filing of the Statement of Interest without separate motion—that is, the Statement of Interest by the United States combined a motion with what amounted to an amicus brief and my interest in this case is greater than that of the United States.

### INTRODUCTION

Dispositive motions on this case are now before the Court, so it is timely, before the Court enters an order, for me to file this motion and amicus brief, because the decision in this case may affect my interest in D.C. Circuit Court of Appeals No. 14-1042, in which I am the appellant, as well as because I have unique information and perspective that can help the Court

1

beyond the help the lawyers in this case can provide. *Yellowstone Coalition v. Timchak*, 2008 WL 4911410, *6.

Briefly, the Court should consider whether recent promulgations by both the United States and the Supreme Court have raised the level of scrutiny for housing above the minimum scrutiny provided for housing in *Lindsey v. Normet*, 405 U.S. 56 (1972) ("Lindsey").

The question in the instant case is not whether the Ordinances violate the 8th Amendment (unless it be considered that the 8th Amendment is a right to housing—see below), but rather, whether they violate the right to housing. They do, and this is why:

## MY INTEREST IN THE DECISION IN THIS CASE AND D.C. CIRCUIT COURT OF APPEALS CASE No. 14-1042

I have a motion for en banc rehearing in No. 14-1042. The case is a test tax case, to test whether the Collection Financial Standards, in conjunction with Collection Due Process, are individually enforceable rights, *i.e.*, whether the facts referred to in the Standards enjoy a level of scrutiny higher than minimum scrutiny. The Standards (www.irs.gov/.../Collection-Financial-Standards) are widely used in both tax and bankruptcy proceedings. They list allowances for a widely variety of facts, including housing. The amounts allowed do not need to be proved. One of those facts is housing, and I provide the allowances for Idaho attached to this pleading.

The Brief in this case is attached and incorporated herein by this reference, as are the Letter of July 30, 2015, the Opinion, the Petition for Rehearing en banc and the Supplement to the Petition. Note in the Supplement that I have indicated that the implied position of the United States, in the Statement of Interest in the instant case, is that *Lindsey* has been overridden. Indeed, I have contacted Sharon Brett and encouraged her to file a supplemental statement that the United States believes that *Lindsey* has been overridden and that there is an individually enforceable right to housing. I ask that the Court query the Department of Justice as to whether

it is the policy of the United States that *Lindsey* has been overridden and there is an individually enforceable right to housing.

If this Court finds that there is an individually enforceable right to housing, this will affect whether the D.C. Circuit Court, considering my Petition for an en banc hearing, feels that the Panel illegally evaded considering my legally cognizable theory that there is a right to housing, requiring the United States to maintain housing through the Collection Financial Standards in conjunction with Collection Due Process, and so apply new policies to the facts in my underlying Tax Court case. If so, then this will affect not only my own case, but, as the Court can well understand, general tax policy. Individually enforceable rights—that is, facts which enjoy a level of scrutiny above minimum scrutiny—must be maintained by policy.

A conclusion by this Court that there is an individually enforceable right to housing will be forthwith communicated to the D.C. Circuit Court of Appeals and will affect the outcome of my case, and so the Court should grant this motion and allow the filing of this amicus brief. It allowed the Statement by the United States to do so, and the United States has a much weaker interest in the outcome of this case than I do.

## UNIQUE INFORMATION AND PERSPECTIVE

The Court should grant this motion and allow this amicus brief because my arguments have not been previously presented in this case. They were presented in the D.C. Circuit Court of Appeals, No. 14-1042, and I attach the relevant documents in that case to provide the arguments, summarized in this brief, in greater depth.

The Court should find that there is a Constitutional right to housing. This would affect the standing issue in this case, it would affect how the Court views the Ordinances, and it would affect the relief, in particular, it would requiring not only finding the Ordinances

unconstitutional, but it would also require the Court to issue orders changing policies. Indeed, it would involve the Court in the same sort of supervision of policy changes—without blurring the lines of the separation of powers—which, in particular but not exclusively, the New Jersey Supreme Court is engaging in to this day, decades after it found the State Constitutional right to publication education in the famous *Abbott v. Burke* decision. The Court, as well as counsel for both sides in this matter, as well as the United States, should study the case at www.edlawcenter.org. This will allow the Court to see what the Court's duty is when a fact— education in the *Abbott* New Jersey cases, and housing in this case—is withdrawn "from the vicissitudes of political controversy…and…establish[ed] as [a] legal principle[] to be applied by the courts." *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 638 (1943).

Since the D.C. Circuit Court in 14-1042 refused to consider the argument, it is, as far as I know, a question of first impression in the District Court of Idaho, whether there is an individually enforceable right to housing?

***LINDSEY v. NORMET* IS EITHER OVERRIDDEN, OR OVERRULED**

*Lindsey* has seemed to stand immovably in the way of finding a right to housing. Its famous formulation has seemed insurmountable:

We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality, or any recognition of the right of a tenant to occupy the real property of his landlord beyond the term of his lease without the payment of rent or otherwise contrary to the terms of the relevant agreement. Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions. Nor should we forget that the Constitution expressly protects against confiscation of private property or the income therefrom.

At 74.

Does this mean that a right to housing cannot be found? The answer is, No. The Court's formulation is a bugaboo, a canard and a smokescreen. It is based on fantasy and unsupported speculation. The law and our better understanding of the facts, have completely superseded it. The United States can override this decision and find that there is an individually enforceable right to housing, and to enforce it. The facts show that this is exactly what the United States is doing in this case. The Supreme Court itself, in collaboration with the United States, has also overruled this ridiculously out-of-date, pernicious and unjust holding.

*Lindsey* is premised on the Court's factual assumption that homelessness is possible. But what does the United States say in its Statement of Interest? It says that the United States has found as a matter of fact that homelessness is "impossible." At 4. It finds that housing is a "universal and unavoidable consequence...of being human." Statement at 10. See the Supplement to Appellant's Petition for Rehearing En Banc, attached hereto.

Note that the United States uses the terms "homeless" and "homelessness" in the Statement. Does that mean that the United States believes that both the "homeless" and "homelessness" in **fact**, exist? No. The position of the United States is that all individuals are in **fact** housed, and that "homeless" means, individuals who are housed and whose housing is under severe assault, and that "homelessness" is in **fact** the condition of housing which is under severe assault. There is a facial ambiguity in that Statement highly relevant to the Court's determination as to whether there is an individually enforceable right to housing. The Court should query the United States on its position as to what, in fact, the homeless and homelessness are. The position of the United States is that **the better view** of the facts is that there is no such thing as the homeless or homelessness. This Court should find out from the United States

5

whether the United States has concluded that the factual basis of *Lindsey*—that there are the homeless and that there is homelessness—is not the true fact.

What difference does this make? If there are no such facts as the homeless or homelessness, then the factual basis of *Lindsey* disappears.

I refer the Court to the arguments, in particular, in my Letter of July 30, 2015, showing that the Affirmatively Furthering Fair Housing Rule—standing alone as the United States' factual findings overriding *Lindsey*—or in conjunction with the *Obergefell* decision—conclude that property is, for Constitutional purposes, fair property, and thus the property argument in *Lindsey* is not a barrier to finding an individually enforceable right to housing, because property includes a fairness indicium not considered by the *Lindsey* court. I also note that the "results" oriented approach of the Rule affirmed in the *Texas Housing* case, are the affirmation by the United States that there is indeed a "guarantee of access to dwellings of a particular quality, [and] recognition of the right of a tenant to occupy the real property of his landlord beyond the term of his lease without the payment of rent or otherwise contrary to the terms of the relevant agreement." Note that the supposed scenario of occupying "the real property of his landlord beyond the term of his lease without the payment of rent or otherwise contrary to the terms of the relevant agreement" are a *Lindsey* Court hypothetical situation which, under the Rule, are in fact segregated housing, and illegal. The Court should inquire of the United States if there is, in fact, any integrated housing in the United States. If so, where is that housing? The Court should inquire of the United States whether there is, in fact, any housing in the United States which is not, in fact, segregated? If so, where is that housing? The Rule is the United States' statement that there is no factual situation which is, or could ever be, the *Lindsey* hypothetical.

## *BARNETTE* AND THE SCRUTINY REGIME: IS THE SCRUTINY REGIME STILL THE CONSTITUTIONAL REGIME?

The apparent weakness of the *Barnette* case—even though it is the basis of the *Obergefell* decision—has always been that it provides no multipronged, black letter test litigators can actually use in Court, to discover whether a fact is a right and so moves from the political system to the Court. I refer the Court to the attached Brief as well as to the Supplement, for a statement of this multipronged test as it applies to what the United States considers housing to, in **fact**, be, according to the Statement of Interest. The Court should inquire of plaintiffs, the United States and the City, as to what they consider the factual test to be, as stated by *Barnette*, for establishing a fact as a right.

The Court should also note my argument for the implications of *Barnette*, in conjunction with the Collection Financial Standards, for the *West Coast Hotel-Carolene Products* scrutiny regime, and here I also refer the Court to all the No. 14-1042 pleadings attached hereto. Briefly, the scrutiny regime is premised on the doctrine that "social" facts such as housing must not enjoy more than minimum scrutiny, because, if they enjoy intermediate or strict scrutiny—that is, if they move from the political system into the Court as individually enforceable rights—then that will impermissibly blur the separation of powers. My argument is that the United States has gone ahead and done this with housing, as well as with the other facts of the Standards. Since all the "social" facts of scrutiny regime progeny cases are now, either explicitly or implicitly, by overriding or overruling, in the Court, the scrutiny regime no longer exists. The Court should find out from the plaintiffs, the United States and the City, whether they believe that the scrutiny regime has been overridden or overruled, or both, and if so, what is the doctrine of the Constitutional regime. I call facts which have been found, under *Barnette*, to be rights,

"important" facts, and maintain that the doctrine of the new regime is that the law does one thing only: it maintains important facts. Am I right?

The City says, quoting this Court:

Fundamentally, the Court is satisfied that the City has devised a procedure that reasonably ensures that the homeless will not be cited for simply being present in public places when shelter space is unavailable....[T]he Court finds that the system in place reflects a reasonable means of addressing the issue and ensuring that the homeless are not being penalized simply for being present when they have no other place to be.

*The City of Boise's Objection and Response to the United States' Amicus Brief*, at 3.

The Court should also explicitly state whether the scrutiny regime is still the Constitutional regime. If the scrutiny regime is no longer the Constitutional regime, then scrutiny regime doctrines of reasonableness, deference, discretion and balancing, are no longer legal doctrines.

Even if the scrutiny regime is still the Constitutional regime, if housing is a Constitutional right, then housing must be maintained, and the "negative" "reasonableness" of the City's procedures, is no longer a valid response by this Court.

## HOUSING IS AN *OBERGEFELL* DIGNITARY INDIVIDUALLY ENFORCEABLE RIGHT

The Court must also decide whether housing is a dignitary right, either under *Obergefell* alone, or *Obergefell* in conjunction with the Affirmatively Furthering Fair Housing Rule. As I indicate in the attached Supplement, as well as in the July 30 letter, housing is both a dignitary right and a right under *Obergefell* in conjunction with the Rule.

## HOUSING IS AN 8th AMENDMENT INDIVIDUALLY ENFORCEABLE RIGHT

The Court should inquire of the United States whether it is the position of the United States that housing is also an individually enforceable standalone right under the 8th Amendment. The logic of the Statement of Interest is that it is an 8th Amendment right, because housing is a status which cannot, in fact, ever be violated. This also involves the Court requesting that the

United States clarify the status involved as that of a housed individual whose housing is under severe assault.

Respectfully submitted,

*[signature]*

John Ryskamp
1677 Arch St.
Berkeley, CA 94709
August 22, 2015

CERTIFICATE OF SERVICE

I John Ryskamp declare that on August 22, 2015, I served a copy of the

MOTION FOR LEAVE TO FILE AMICUS BRIEF AND AMICUS BRIEF

by mailing a copy, first class postage applied, to the following:

Allen M Gardner
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

Brady James Hall
Moore & Elia, LLP
PO Box 6756
Boise, ID 83702

I declare under penalty of perjury that the above is true and correct and was made in Berkeley, California on August 22, 2015.

John Ryskamp
1677 Arch St.
Berkeley, CA 94709
(510) 848-6898
philneo2001@yahoo.com
August 22, 2015