Allen M. Gardner, #456723 (DC)
Michael E. Bern (*pro hac vice pending*)
Scott C. Jones, #986308 (DC)
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004-1304
Phone: (202) 637-2200
Fax: (202) 637-2201
Email: Allen.Gardner@lw.com
Email: Michael.Bern@lw.com
Email: Scott.Jones@lw.com

*Attorneys for Plaintiffs*

Howard A. Belodoff, ISB # 2290
Idaho Legal Aid Services, Inc.
1447 South Tyrell Dr.
Boise, ID 83706
Phone: (208) 336-8980
Fax: (208) 342-2561
Email: howardbelodoff@idaholegalaid.org

Eric Tars # 94857 (PA)
National Law Center
  on Homelessness & Poverty
2000 M St., N.W., Suite 210
Washington, DC 20036
Phone: (202) 638-2535
Fax: (202) 628-2737
Email: etars@nlchp.org

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| ROBERT MARTIN, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>CITY OF BOISE, et al.,<br><br>                Defendants. | Case No. 1:09-cv-0540-REB<br><br>**PLAINTIFFS' MEMORANDUM REGARDING ISSUES REMAINING FOR RESOLUTION** |

**PLAINTIFFS' MEMORANDUM REGARDING ISSUES REMAINING FOR RESOLUTION**

Plaintiffs hereby submit this memorandum in response to the Court's Docket Entry Order # 326, entered January 9, 2020.

On April 1, 2019, the Ninth Circuit resolved the principal constitutional question at issue in this case and issued three major holdings:

**PLAINTIFFS' MEMORANDUM REGARDING ISSUES REMAINING FOR RESOLUTION- Page 1**

First, it held that two plaintiffs in this litigation—Robert Martin and Pamela Hawkes—have stated cognizable "claims for damages to which *Heck* has no application." *See Martin v. City of Boise*, 920 F.3d 584, 615 (9th Cir. 2019). Second, it held that two (different) plaintiffs "have standing to seek *prospective* relief" because they have "demonstrated a genuine issue of material fact regarding whether they face a credible risk of prosecution under the ordinances in the future on a night when they have been denied access to Boise's homeless shelters." *Id.* at 610 (emphasis added). In particular, the court held that those plaintiffs—Robert Martin and Robert Anderson— have established a genuine issue of material fact as to whether homeless individuals face a credible risk of prosecution under the ordinances in circumstances in which shelter is unavailable for them "for reasons other than shelter capacity." *Id.* Third, the Court resolved that the Eighth Amendment imposes constitutional limits on the circumstances in which Boise may enforce its ordinances. In particular, the Court held "that the Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter." *Id.* at 616. As a result, the Court held that "'so long as there is a greater number of homeless individuals in [a jurisdiction] than the number of available beds [in shelters],' [Boise] cannot prosecute homeless individuals for 'involuntarily sitting, lying, and sleeping in public.'" *Id.* at 617 (quoting *Jones v. City of Los Angeles*, 444 F.3d 1118, 1138 (9th Cir. 2006)).

The Supreme Court subsequently denied certiorari on December 16, 2019. No. 19-247, 2019 WL 6833408 (U.S. Dec. 16, 2019). And, on January 9, 2020, this Court entered an Order "requiring the parties to file . . . a short memorandum outlining their position on what issues remain for resolution in this case." ECF No. 326. Plaintiffs' position is as follows:

**PLAINTIFFS' MEMORANDUM REGARDING ISSUES REMAINING FOR RESOLUTION- Page 2**

First, three categories of claims for relief remain under the operative complaint and the Ninth Circuit's opinion.  *See* Revised Second Amended Complaint (SAC), ECF No. 171.  Specifically, Plaintiffs continue to seek:  (1) damages, under the terms of the Ninth Circuit's opinion; (2) an injunction "enjoining Defendants, their officers, employees, assignees, successors, and agents from enforcing Boise Municipal Code §§ 9-10-02 and 6-01-05(A), with respect to persons sleeping or lying down in public" for whom shelter is unavailable; and (3) a declaration that Defendants may not impose "criminal penalties" pursuant to the ordinances "for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter."

In Plaintiffs' view, the parties and this Court can most efficiently resolve the remaining issues in this case by proceeding as follows.  First, Plaintiffs respectfully request that this Court enter declaratory relief in light of the Ninth Circuit's opinion.  Because the Ninth Circuit's decision already has declared what the Eighth Amendment requires, this Court can and should resolve Plaintiff's claim for declaratory relief by entering judgment in Plaintiffs' favor and declaring that under the Eighth Amendment: (1) Defendants cannot impose "criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter;"  *Martin*, 920 F.3d at 616; and (2) so long as there is a greater number of homeless individuals in [Boise] than the number of available beds [in shelters]," Defendants cannot prosecute homeless individuals for "involuntarily sitting, lying, and sleeping in public."  *Id.* at 617 (quoting *Jones*, 444 F.3d at 1138).  Because no further factual development or briefing is necessary to resolve Plaintiff's request for declaratory relief, this Court should enter partial judgment for Plaintiffs with respect to its claim for declaratory relief.  *See* Fed. R. Civ. P. 56(a)

(allowing partial summary judgment when there is no genuine dispute of material fact as to a claim or part of a claim).

Second, following entry of that declaratory judgment, Plaintiffs believe that the Court should enter an order directing the parties to participate in a settlement conference for the purpose of attempting to resolve the remaining claims for relief. Although the Ninth Circuit's opinion resolves the principal legal question of what the Eighth Amendment requires, practical questions remain with respect to what steps Defendants plan to take in order to ensure that its enforcement of the ordinances complies with the law. For instance, the Ninth Circuit's opinion recognizes that Defendants' existing Shelter Protocol does not account for situations in which one or more of Boise's shelters is not at capacity, but individuals are turned away for reasons other than shelter capacity, such as for exceeding stay limits. *Martin*, 920 F.3d at 610. A settlement conference could allow the parties to attempt to reach resolution on those remaining questions and could obviate the necessity of trying the principal remaining issues in this longstanding case, conserving this Court's resources as well as the parties'.

Finally, if the settlement conference is not successful, this Court should set a trial schedule for resolving Plaintiffs' remaining claims for injunctive relief and damages. With respect to the former, the Ninth Circuit's decision resolves much about what the Eighth Amendment requires; as such, the principal factual issue remaining on remand is whether the particular plaintiffs remaining in the case have established "a credible risk of being issued a citation on a night when Sanctuary is full and they have been denied entry to a BRM facility for reasons other than shelter capacity." *Id.* To that end, it may be appropriate to permit limited written discovery into steps Defendants have taken, if any, to ensure that the City's enforcement of the ordinances complies with the Ninth Circuit's decision.

**PLAINTIFFS' MEMORANDUM REGARDING ISSUES REMAINING FOR RESOLUTION- Page 4**

Dated: January 13, 2020

/s/_____
Howard A. Belodoff, ISB #2290
IDAHO LEGAL AID SERVICES, INC.
howardbelodoff@idaholegalaid.org
*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the persons listed below.

    Scott Muir    BoiseCityAttorney@cityofboise.org
    Brady J. Hall  brady@mbelaw.net

/s/ Howard A. Belodoff