UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT MARTIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BOISE, et al., <br><br> Defendants. | Case No.: 1:09-cv-00540-REB <br><br><br> **CASE MANAGEMENT DECISION AND ORDER, POST-APPEAL** |

This matter is before the Court on remand following the amended opinion and mandate of a panel of the Ninth Circuit Court of Appeals (Dkts. 320, 321). This decision (1) addresses whether Plaintiff Pamela S. Hawkes remains a party; (2) resolves Plaintiffs' pending Motion for Taxation of Costs (Dkt. 316); and (3) requires Plaintiffs to file a Third Amended Complaint as a means of putting a current frame around the remaining claims and issues in the case, consistent with the appellate decision.

## DISCUSSION

This case has a long procedural history that includes multiple dispositive motions, multiple amendments of the Plaintiffs' Complaint, the withdrawal and addition of numerous attorneys representing the various parties, dismissal of several parties and claims, and two appeals of substantive rulings against the plaintiffs followed by two remands from the Ninth Circuit Court of Appeals. The facts and legal issues are well known to the parties and set forth in more detail in the Court's prior Orders. *See* Dkts. 152, 170, 286, 298.

**1. Plaintiff Pamela S. Hawkes Remains a Party to the Case.**

In an amended opinion, the Ninth Circuit held, *inter alia*, that Plaintiff Pamela S. Hawkes may proceed on her claim for retrospective relief related to a July 2007 citation. *Martin v. City*

**MEMORANDUM DECISION AND ORDER – 1**

*of Boise*, 920 F.3d 584, 618 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 674 (2019). Because of potential uncertainty as to whether Ms. Hawkes was still a party to the case at the time of the appeal, each party was ordered to file a memorandum describing the party's position on that question. (Dkt. 332.) Such memoranda were filed (Dkts. 334, 335) and the Court now finds that Ms. Hawkes does remain a party to the case for the following reasons.

In its decision and order found at Docket No. 152, this Court granted in part and denied in part Defendant's Motion for Summary Judgment (Dkt. 141). All of Plaintiffs' claims for retrospective relief were dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), based on the Court's reasoning that Plaintiffs' Eighth Amendment claims could have been raised in the context of their individual criminal prosecutions and were therefore barred in a separate proceeding such as this. The Court further ruled that Plaintiffs' claims for prospective relief were not subject to dismissal but needed to be stated more particularly in a subsequent amended complaint.

Six Plaintiffs, including Hawkes, then filed a Revised Second Amended Complaint (Dkt. 172) alleging only an Eighth Amendment claim and seeking only prospective relief. Two Plaintiffs were dismissed when counsel could not locate them (Dkt. 227 pp. 77, 94; Dkt. 286). Plaintiff Hawkes was dismissed when counsel agreed that she could not state claims for prospective relief (Dkt. 227 pp. 76, 94; Dkt. 286). At that juncture, only the Eighth Amendment claim for prospective relief was left and the only remaining Plaintiffs were Martin and Anderson.

After further motion practice, the Revised Second Amended Complaint was dismissed on standing grounds, upon the Court's reasoning that neither Martin nor Anderson could show a credible risk of prosecution sufficient to establish a threat of imminent injury (Dkt. 298).

**MEMORANDUM DECISION AND ORDER – 2**

Plaintiffs then appealed (1) the ruling dismissing their retrospective relief claims at Docket No. 152; (2) the ruling dismissing their prospective relief claim at Docket No. 298; and (3) the Judgment at Docket No. 300.  The Ninth Circuit ruled that Plaintiffs Hawkes and Martin may pursue their retrospective relief claims as to two particular citations and that "the plaintiffs" may pursue their prospective relief claim.

When Plaintiff Hawkes was dismissed, the Court and counsel were contemplating her status only as a party pursuing a claim for prospective relief.  Her claims for retrospective relief had already been dismissed.  Thus, when Circuit reinstated the claims for retrospective relief as to Martin and Hawkes, Hawkes once again had a claim in the case.  Having appealed the order dismissing her claims for retrospective relief, there was no need for her to separately or additionally appeal her claim for prospective relief or her overall dismissal as a plaintiff.

Thus, the sequence of relevant events was: (1) Hawkes pled a retrospective relief claim; (2) her retrospective relief claim was dismissed in a non-final order; (3) Hawkes amended to plead a prospective relief claim; (4) her prospective relief claim was dismissed; (5) the case was dismissed and a judgment issued; (6) Plaintiffs (including Hawkes) appealed both the order dismissing retrospective relief claims and the order dismissing prospective relief claims; and (7) the Circuit panel revived part of Hawkes's retrospective relief claim.  Therefore, Plaintiff Pamela S. Hawkes is again a party to the case, in light of the Ninth Circuit's amended opinion.

2. **Plaintiffs' Pending Motion for Taxation of Costs Is Denied as Moot.**

Shortly after the Ninth Circuit panel issued its initial decision on the most recent appeal in this matter, Plaintiffs moved for taxation of costs (Dkt. 316).  The appellate decision expressly awarded costs to the plaintiffs.  The motion cited Federal Rule of Appellate Procedure 39(e),

**MEMORANDUM DECISION AND ORDER – 3**

which specifies that certain costs on appeal are taxable in the district court. However, no mandate was ever issued with respect to that original decision.

Instead, the panel ultimately issued an amended opinion (Dkt. 320), followed by a mandate (Dkt. 321). The amended opinion also awarded costs to Plaintiffs, but the mandate said, "Costs are taxed against the appellee in the amount of $553.60." Reducing the costs award to a sum certain created an ambiguity as to whether the pending motion for costs before this Court is now moot. The parties were invited to clarify their position on whether the motion for taxation of costs remains pending and viable, but neither party has done so.

The motion was based on a Ninth Circuit panel decision that was subsequently amended. Further, the mandate following the amended opinion calls into question whether Plaintiffs already have been awarded the relief sought in the motion. Therefore, the Court finds the motion moot and will dismiss the same, without prejudice to refile.

**3. Plaintiffs Must File a Third Amended Complaint.**

At the January 15, 2020 telephone status conference, Defendant argued that Plaintiffs should file a Third Amended Complaint to restart the post-appeal litigation of the remaining claims. Plaintiffs, on the other hand, contended that they had already won on most points and argued for entry of a declaratory judgment, recommended that a settlement conference be compelled, and urged setting a trial date. The Court expressed its concern over stepping back that far, given the length of time that this case has been pending, but after further consideration the Court concludes that an amended Complaint is the most appropriate means of putting a current frame around the claims and issues remaining in the case.

Importantly for purposes of this decision, the appellate decision remanding the case revived claims from two different operative complaints: first, the retrospective relief claims

**MEMORANDUM DECISION AND ORDER – 4**

stated in the Amended Complaint (Dkt. 53) and dismissed in Docket No. 152; and, second, the prospective relief claim stated in the Revised Second Amended Complaint (Dkt. 172) and dismissed in Docket No. 298.  The frame created by a "new" amended complaint at this time will reduce the potential for confusion inherent in simultaneously working with two operative complaints, especially because the Ninth Circuit significantly narrowed the scope of the retrospective claims.

However, the requirement to file a Third Amended Complaint is not an opportunity to raise new claims.  Rather, it is the Court's directive that the remaining claims be reassembled in a single, operative, complaint, directly and solely connected to the Circuit's amended opinion found at Docket No. 320.  This Court will not permit issues already decided to be relitigated, either by Plaintiffs or Defendants, as the case needs to go forward to a conclusion as expeditiously as possible.

Hence, based on the amended opinion of the appellate panel, the Court anticipates Plaintiffs' Third Amended Complaint to contain, at most, the following claims: (1) Hawkes's claim for retrospective relief based on her July 2007 citation; (2) Martin's claim for retrospective relief based on his April 2009 citation; and (3) Martin's and Anderson's claim for prospective relief, both declaratory and injunctive.

Plaintiffs will have 21 days from the date of this order to file their Third Amended Complaint.  Defendants are to file a responsive pleading in the time period required by the civil rules.  No extension of time to do so will be granted.  Shortly thereafter, a telephonic status conference will be held to discuss and set scheduling deadlines going forward, including for any discovery that may be appropriate, a dispositive motion deadline, and a trial setting.

## **ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff Pamela S. Hawkes remains a party to the case with respect to her claim for retrospective relief.

2. Plaintiffs' Motion for Taxation of Costs (Dkt. 316) is DENIED AS MOOT without prejudice.

3. Plaintiffs are ordered to file a Third Amended Complaint by **March 10, 2020**, as described above.



DATED: **February 18, 2020.**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 6**