# EXHIBIT B

The purpose of this Settlement is to protect the constitutional rights of persons experiencing homelessness, and prevent them from being issued citations and/or incarcerated for sleeping, sitting, lying down, or camping outdoors on City or public property, as defined in the City "Camping" ordinance, when there is no alternative shelter space available.

The parties agree that the following principles have guided this Settlement and the enforcement of any City Ordinance that would impose criminal penalties on homeless individuals for sitting, sleeping, lying, or camping outside on City or public property:

- Under the Eighth Amendment, a homeless individual cannot be arrested or issued a criminal citation or penalty for sleeping outdoors on public property when there is no alternative shelter space available to that individual.

- The availability of shelter space for any individual is determined by whether shelters have available sleeping spaces, as well as whether those spaces are available to an individual given their personal circumstances.

- The City will not impose criminal penalties for sleeping or otherwise "camping" outdoors in public, when there is no "available shelter space" as the term is defined herein.

- The City acknowledges there may be some homeless individuals who suffer from physical conditions, mental disorders, illnesses, or disabilities or have familial commitments that prevent the individuals from seeking or remaining in available shelter space.

- The City may enforce its ordinances against homeless persons who sleep or otherwise camp outdoors on City or public property when there is  "available shelter space" for that individual.

- The City is committed to exploring and implementing solutions that reduce and prevent homelessness, including by increasing the availability of affordable housing within the City.

**TRAINING**

The City will design and implement a mandatory annual training – live or pre-recorded – that includes a module specific to engagement with individuals experiencing homelessness, individuals suffering with substance abuse, and individuals with mental or physical illness or disabilities.  The module shall include training specific to enforcement of the Ordinances.  Plaintiffs agree to provide potential  materials and subject matter experts for the City's consideration with respect to the scope of training.  The City, however, retains discretion as to what course material ultimately supports the annual training.

**ADOPTION OF DEPARTMENTAL GUIDANCE**

The City agrees to adopt and implement guidance in the Boise Police Department's Policy Manual regarding the enforcement of the Ordinances. This guidance will include the following recommendations for officers:

(1) Before making a determination that an individual has engaged in camping or disorderly conduct within the meaning of the Ordinances, a police officer should make an individualized determination to determine if there is available overnight shelter based upon the individual's circumstances.

(2) If the police officer confirms that there is a shelter with available overnight shelter, as defined herein, the officer should advise the homeless individual of the availability.

(3) If a police officer informs the homeless individual of the available overnight shelter, but the homeless individual declines to seek the available shelter space, the officer may but is not required to issue a written warning informing the individual of the availability of shelter space.

**HOMELESS OUTREACH UNIT**

In February 2020, the City created and implemented a Homeless Outreach Unit that consists of three full-time employees who work directly with the homeless community to ensure individuals experiencing homelessness have access to certain resources, services, and, where appropriate, medical and mental health care. This City will continue to serve the homeless community in Boise.

**RECORDKEEPING**

The City shall provide Plaintiffs with a written status report on its compliance with the terms of this Settlement Agreement within 30 days of the execution of this Settlement Agreement.

For the first year following the execution of this Settlement Agreement, the City agrees to provide Plaintiffs' counsel on a bi-annual basis a production of the records of (1) any citations issued under the Anti-Camping and Disorderly Conduct ordinances; and (2) the daily shelter emails. These records may be redacted and shall be released in accordance with the relevant provisions of the Public Records Act. After one year, Plaintiffs may seek such records in accordance with the Public Records Act and/ or other relevant legal mechanisms. The City agrees not to object to requests for such records made under the Public Records Act, and to consider any request for a waiver of costs associated with any Public Records request in accordance with relevant state and federal code, as well as City policy and procedure. These records may be redacted and shall be released in accordance with the relevant provisions of the Public Records Act.

**CORONAVIRUS 2021 ADDENDUM**

The Parties acknowledge that the CDC has provided guidance regarding the risks associated with close-quarters contact among unsheltered and sheltered homeless persons during the Coronavirus 2019 (COVID-19) pandemic.[1]  The Parties further recognize that a homeless person's individual health circumstances could affect the availability of shelter space and the ability of shelters to accommodate an individual's unique medical needs during the COVID-19 pandemic.

**BOISE HOMELESS INITIATIVE FUNDS:**

The City will appropriate $1,335,000 in general funds for the provision of services to the Boise homeless community, the funds to be distributed by the Executive Committee of Our Path Home within Fiscal Year 2021, and a minimum of 33% of which shall consist of monetary assistance to temporary overnight shelters within the City of Boise for the purpose of acquiring and/or rehabilitating shelter infrastructure (ie to create or expand available shelter space).  The $1,335,000 shall be appropriated as new general funds separate from and additional to the $3 million in capital funds the City appropriated as referenced in the City's 2021 budget.

**DAMAGES**

The City will pay $5,000 in total, to be allocated as agreed between the parties, among the three plaintiffs with remaining claims: Pamela Hawkes, Robert Martin, and Robert Andersen.

**ATTORNEYS' FEES AND COSTS**

The City will pay $435,000 in fees to Plaintiffs' attorneys.

**DISMISSAL/RELEASE**

Upon finalization of the settlement agreement, the parties agree to inform Judge Bush of the settlement agreement by joint stipulation.  As part of that joint stipulation, Plaintiffs will affirm their pledge to dismiss the action with prejudice, conditional on approval by the Boise City Council of the terms of settlement, the appropriation of funds as set out in the settlement agreement, and amendment of the Camping and Disorderly Conduct ordinances as agreed to by the parties.

Upon satisfaction of the above terms, Plaintiffs will execute a full and  final release of all claims including any claims for damages, fees, and costs.  That dismissal and this Settlement Agreement shall operate as a general release of the City (including its agents, officers, and employees) from all remaining claims.  Both parties understand that all other terms as outlined

---

[1] *See* CDC, *Interim Guidance on Unsheltered Homelessness and Coronavirus Disease 2019 (COVID-19) for Homeless Service Providers and Local Officials*, Aug. 6, 2020, https://www.cdc.gov/coronavirus/2019-ncov/community/homeless-shelters/unsheltered-homelessness.html.

in the settlement agreement do not need to be completed before Plaintiffs execute the full and final release.  Each party shall bear their own attorney's fees and costs except as otherwise set forth herein.

**CONFIDENTIALITY**

The parties agree that the settlement shall not be confidential.